1  Rachel A. Straus (SBN 268836)
   rstraus@shb.com
2  SHOOK, HARDY & BACON L.L.P.
   2049 Century Park East, Suite 3000
3  Los Angeles, California 90067
   Telephone:  424.285.8330
4  Facsimile:   424.204.9093

5  Attorneys for Defendant
   HOMAGE, LLC
6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11

| SONYA VALENZUELA, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>HOMAGE, LLC, an Ohio entity d/b/a HOMAGE.COM,<br><br>   Defendant. | Case No. 8:23-cv-01601<br><br>**DEFENDANT HOMAGE, LLC'S NOTICE OF REMOVAL OF ACTION**<br><br>[From the Superior Court of California, County of Orange, Case No. 30-2023-01336826-CU-MT-CXC]<br><br>Action Filed: July 14, 2023<br>Action Removed: August 24, 2023 |
|---|---|

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

TO THE CLERK OF THE OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant Homage LLC d/b/a homage.com ("Homage"), hereby removes the above-captioned putative class action from the Superior Court of California, County of Orange, to the United States District Court for the Central District of California.

## I.   BACKGROUND

On July 14, 2023, Plaintiff filed a putative class action complaint against Homage in the Superior Court of California, County of Orange, captioned *Sonya Valenzuela v. Homage, LLC,* Case No. 30-2023-01336826-CU-MT-CXC (the "State Court Action").

A copy of the complaint in the State Court Action is attached hereto as **Exhibit A** (the "Complaint").

Plaintiff contends that Homage "secretly enables and allows a third-party spyware company to wiretap and eavesdrop on the private conversations of everyone who communicates through the chat feature at www.homage.com." Compl. ¶ 1. According to Plaintiffs, this activity violates the California Invasion of Privacy Act (Cal. Penal Code § 630 et seq., "CIPA"). Homage vehemently denies these allegations.

Plaintiff seeks to represent "all persons within the state of California who (1) communicated with Defendant via the chat feature on Defendant's website; and (2) whose communications were recorded and/or eavesdropped upon without prior consent." Compl. ¶ 26.

Plaintiff seeks various forms of relief, including (i) statutory damages, (ii) attorneys' fees, and (iii) declaratory and injunctive relief. *Id*. at 9–10.

## II.   REMOVAL IS TIMELY

Plaintiff served this Complaint on Defendant on July 25, 2023. Therefore, this Notice of Removal is timely because it is being filed within thirty (30) days after service of the initial pleading which sets forth the removable claim. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999)

(holding that the thirty-day deadline to remove commences upon service of the summons and complaint).

### III. THIS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT

"Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). CAFA was enacted "to facilitate adjudication of certain class actions in federal court," and thus "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)). Any class action falling under CAFA may be removed to a federal district court in accordance with 28 U.S.C. § 1446 by any defendant. 28 U.S.C. § 1453.

Federal diversity jurisdiction exists over this removed action under CAFA, 28 U.S.C. § 1332(d). Section 1332(d) provides that the United States District Courts have original jurisdiction over any class action: (1) involving a plaintiff class of 100 or more members; (2) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs; and (3) where at least one member of the plaintiff class is a citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A) & 5(B). Each CAFA requirement is met here.

**A. Plaintiff's Complaint is a "Class Action" Under CAFA and Includes More than 100 Members.**

CAFA jurisdiction applies to class actions where "the class has more than 100 members." *Cantaro Castillo v. W. Range Ass'n*, 777 F. App'x 866, 868 Cir. 2019). Under CAFA, a class action is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B); id. § 1453(a), (b). "The term 'class members' means the persons

1  (named or unnamed) who fall within the definition of the proposed or certified class in
2  a class action." 28 U.S.C. § 1332(d)(1)(D).

3  Here, this case is a "class action" under CAFA because Plaintiff brings this case
4  as a class action on behalf of all others similarly situated. Compl. ¶ 26.

5  Further, Plaintiff alleges that the Class she seeks to represent has more than 100
6  members. Plaintiff seeks to represent a class numbering "in the thousands, if not more,"
7  of "[a]ll persons within the state of California who: (1) communicated with Defendant
8  via the chat feature on Defendant's Website; and (2) whose communications were
9  recorded and/or eavesdropped without prior consent." Compl. ¶ 26.

10  While Homage vehemently denies that this case is suitable for class treatment,
11  CAFA's 100-person threshold is easily met. Accepting Plaintiff's allegations about the
12  number of class members as true, the Class includes well over 100 members. *Arias v.*
13  *Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting Ibarra, 775 F.3d
14  at 1197) ("[A] removing defendant's notice of removal 'need not contain evidentiary
15  submissions' but only plausible allegations of the jurisdictional elements.").

16  **B. The Amount in Controversy Exceeds $5,000,000.**

17  Under CAFA, the amount-in-controversy requirement is satisfied if the
18  amounts implicated by the claims of the putative class exceed, in the aggregate, $5
19  million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). "[A]s specified in §
20  1446(a), a defendant's notice of removal need include only a plausible allegation that
21  the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574
22  U.S. at 89. When determining the amount in controversy for a particular matter, "a
23  removing defendant is permitted to rely on 'a chain of reasoning that includes
24  assumptions.'" *Arias*, 936 F.3d at 925 (citing *Ibarra*, 775 F.3d at 1199).

25  While denying all liability, based on the allegations stated in Plaintiff's
26  Complaint, there is likely more than $5,000,000 in controversy. According to the
27  Complaint, the putative class is "in the thousands if not more." Comp. ¶ 27, and Plaintiff
28  seeks statutory damages for violations of CIPA § 631(a) and § 632.7, each of which

provide for $5,000 per violation. Penal Code § 637.2. Damages of $5,000 per violation of each of these statues multiplied by a purported putative class of thousands, puts the amount in controversy in excess of $5,000,000.

### C. The Parties Are Minimally Diverse.

Diversity of citizenship exists under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

The Complaint confirms that the parties are minimally diverse. The named Plaintiff alleges that he is a citizen of California. Compl. ¶ 3. As Plaintiff correctly alleges, Homage is an Ohio company. *Id*. at ¶ 4. Because at least one putative class member is a citizen of a state different than Homage, CAFA's diversity requirement is met.

## IV. Venue

Plaintiff filed the Complaint in the Superior Court of the State of California for the County of Orange, which is located within the Central District of California. 28 U.S.C. § 84(c)(2). This Notice of Removal is thus properly filed in this Court pursuant to 28 U.S.C. § 1441(a), 1446(a), and 1453(b).

## V. NOTICE

28 U.S.C. § 1446(a) requires that copies of all pleadings, process, and orders served upon the removing defendant in the state court action be attached to the Notice of Removal. These materials are attached to this Notice as **Exhibit B**. 23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be contemporaneously filed with the Clerk of the Superior Court of the State of California for the County of Orange and served upon Plaintiff.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, 1453, Homage respectfully removes this action from the Superior Court of the State of California for the County of Orange, to this Honorable Court, the United States District Court for the Central District of California

| | |
|---|---|
| Dated: August 24, 2023 | Respectfully submitted, |
| | SHOOK, HARDY & BACON L.L.P. |
| | By: /s/ *Rachel A. Straus* |
| | Rachel A. Straus |
| | Attorneys for Defendant HOMAGE, LLC |