PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMAGE, LLC, an Ohio entity d/b/a HOMAGE.COM,<br><br>Defendants. | Case No. 8:23-cv-01601-JWH-AS<br>Judge: Hon. John W. Holcomb<br><br>**NOTICE OF DISMISSAL WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)** |

TO THE COURT, CLERK AND ALL PARTIES OF RECORD, please take notice that Plaintiff Sonya Valenzuela ("Plaintiff") hereby dismisses the instant action against Defendant Homage, LLC ("Defendant") pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure *with prejudice* as to the Plaintiff's individual claims, and *without prejudice* as to the putative class.

Pursuant to Rule 23(e), "the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989).

In this instance, the *Diaz* factors weigh in favor of dismissal of Plaintiff's individual claims with prejudice. First, it is the Plaintiff's counsel's understanding that this action has not been publicized in any way and as such, the putative class members are highly unlikely to have knowledge of it, or to have relied upon it in any way. Similarly, Plaintiff's counsel is unaware of any other circumstances that may have led to the putative class's knowledge of, or reliance upon, this action.

Second, the statute of limitations in this action is not approaching. Plaintiff's claims arose in March 2023 and as such, based on the four-year statute of limitations alleged in this action, the statute of limitations shall not run until March 2027. As such, the rights of the putative class are preserved by the solely individual dismissal of Plaintiff's claims with prejudice.

Lastly, Plaintiff and her counsel made no settlement or concession of class interests in order to resolve Plaintiff's individual claims. Indeed, the resolution reached between the Parties does not address, affect, or change the putative class's rights or claims in any manner.

An evaluation of the foregoing *Diaz* factors weigh in favor of dismissal of Plaintiff's individual claims with prejudice, and dismissal of the putative class's claims without prejudice.

Respectfully submitted,

Dated: October 12, 2023      PACIFIC TRIAL ATTORNEYS, APC

By: */s/ Scott J. Ferrell*
Scott. J. Ferrell
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2023, I electronically filed the foregoing **NOTICE OF DISMISSAL WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

                                        /s/ *Scott J. Ferrell*
                                        Scott J. Ferrell